

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-26,727-06

### EX PARTE THOMAS GILMORE STEWART, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W88-69008 U(E) IN THE 291ST DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a controlled substance and sentenced to thirty years' imprisonment.

Applicant contends, among other things,[1] that he was denied due process in the parole revocation process. Applicant alleges that his parole was revoked on an allegation that he possessed a controlled substance in the Ellis County Jail. Applicant alleges that he never possessed a

---

[1]This Court has considered Applicant's other claims and finds them to be without merit.

controlled substance in the Ellis County Jail, although he admits that he was found to be in possession of a controlled substance at his home, which resulted in a conviction in Ellis County. Applicant alleges that he was not provided with adequate notice of the alleged parole violations, and that he was not provided with adequate notice for the reasons his parole was revoked. The habeas record contains no information or documentation regarding Applicant's parole revocation.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit stating when Applicant's parole was revoked, and upon what basis. The affidavit shall state whether Applicant was provided with notice of the alleged parole violations, and whether he was afforded a preliminary hearing and a final revocation hearing or waived such hearings. The affidavit shall state whether Applicant was provided with notice of the reasons for which his parole was ultimately revoked.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall first supplement the habeas record with all documents relevant to Applicant's parole revocation, including any notice of the alleged violations, any notification of the offender's rights in the revocation process signed or acknowledged by Applicant, any reports relating to the revocation hearing or recommendation to revoke parole, and any notification of the reasons for the revocation provided to Applicant. The trial court shall make findings of fact and conclusions

of law as to whether Applicant was afforded adequate notice of the alleged violations of parole, and adequate notice of the facts upon which the revocation was based. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: February 3, 2016
Do not publish